**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JESSE MCKINLEY CARTER, JR., ) | CASE NO. 4:13 CV 1270 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| JOE COAKLEY, ) | AND ORDER |
| ) | |
| Respondent. ) | |

Before the court is *pro se* Petitioner Jesse McKinley Carter, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Carter is currently incarcerated in the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton") and names F.C.I. Elkton Warden Joe Coakely as Respondent. He asserts he is "actually innocent" of a sentencing enhancement applied pursuant to 21 U.S.C. § 841. Petitioner contends he is serving a sentence which exceeds the applicable statutory maximum and seeks immediate release from prison. For the reasons set forth below, this action is dismissed.

**I.    Background**

Carter was indicted in the United States District Court for the Northern District of New York on June 23, 1995. *See United States v. Joyner et al.*, No. 3:95-cr-00232-TJM-6 (N.D.N.Y. 1995) (McAvoy, J.). A superseding indictment charged Carter with various drug trafficking offenses,

including distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and conspiring to distribute cocaine in violation of 21 U.S.C. § 846, as well as engaging in a continuing criminal enterprise ("CCE") in violation of 18 U.S.C. § 848 and several related firearms charges.

On June 4, 1996, a jury convicted Carter on all counts of the superseding indictment. The court subsequently vacated Carter's conviction on the conspiracy charge and, on June 23, 1997, the district court sentenced Carter to a total of 360 months' imprisonment, consisting of concurrent 240-month terms of incarceration on the drug and CCE charges followed by 60-month and an 120-month mandatory consecutive sentences on the firearms charges.

On direct appeal, the United States Court of Appeals for the Second Circuit vacated three of Carter's firearms convictions, each carrying a 60-month term of imprisonment, finding insufficient evidence to support the convictions. *United States v. Joyner*, 201 F.3d 61, 67 (2d Cir. 2000). Several of Carter's co-defendants and the government petitioned the Second Circuit for a rehearing, and on December 5, 2002, the court issued an opinion correcting the statement of facts, clarifying some points of law, and denying the petitions for rehearing. *United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002).

On January 7, 2004, Carter requested a re-sentencing date and, on April 7, 2004, the trial court issued an amended judgment re-sentencing Carter in accordance with the Second Circuit mandate. *Id.* Notably, however, Carter's overall term of imprisonment did not change.

On April 10, 2008, Carter filed a motion to vacate under 28 U.S.C. § 2255 in the Northern District Court of New York, raising the following grounds for relief: (1) actual innocence based on new evidence establishing he was indicted using inadmissible evidence; (2) ineffective assistance of counsel; (3) that pursuant to *Watson v. United States*, 552 U.S. 74 (2007), his conviction for using

and carrying a firearm in connection with any violent crime or drug trafficking (Count 49 of the indictment) must be dismissed; (4) lack of subject matter jurisdiction; (5) that he was sentenced for a crime not charged in the indictment or submitted to the jury; (6) that his sentence violated *United States v. Booker*, 543 U.S. 220 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (7) that his firearm sentences should run concurrently to his sentence for the drug related offenses. *See United States v. Carter*, No. 3:95-CR-232, 2009 WL 3526582, at *1 (N.D.N.Y. Oct. 23, 2009).

The district court granted the petition in part, vacating Count 49, which carried a mandatory minimum sentence of 120 months, thus reducing Carter's total term of imprisonment to 300 months. *Id.* at 8. The court denied the remainder of the petition. Carter appealed and, on August 18, 2010, the Second Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Carter*, No. 10-133 (2d Cir. 2010). The Supreme Court subsequently denied his motion for an extension of time to file a petition for writ of certiorari, *Carter v. United States*, No. 10A922 (2011), and his request for a writ of mandamus. *In re Carter*, No. 11-9666, 132 S. Ct. 2406 (May 14, 2012).

Carter's present petition, again, challenges his sentence. Specifically, he claims the sentencing court erred in sentencing him to 240 months on the drug related charges when the court applied an "illegal enhancement" pursuant to § 841 that was not supported by the jury's findings of fact. (Doc. No. 1-1 at 7-9.) Petitioner asserts he is actually innocent of the drug quantity sentencing enhancement and that his remedy under § 2255 is inadequate because he could not have raised this issue in his first § 2255 petition. (*Id.*) (citing *Brown v. Rios*, 696 F.3d 638 (7th Cir. 2001)).

Petitioner has also filed a motion for release on bond pending a decision on his Petition. (Doc. No. 3.) In his motion, he expands on the argument in his Petition, asserting he was charged

-3-

and convicted with distribution of an "unspecified amount of cocaine" and, therefore, could not legally be sentenced under §§ 841(b)(1)(B) or (A), which require a minimum of 500 grams and five kilograms of cocaine respectively. (*Id.* at 3.)

## II.     Standard of Review

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Jones v. Russell*, 396 F.2d 797 (6th Cir. 1968); *Gray v. Johnson*, 354 F.2d 986 (6th Cir. 1965). *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906, 91 S. Ct. 147 (1970). Petitioner has not met his burden.

## III.    Discussion

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is limited to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When a federal prisoner seeks to challenge his conviction or the imposition of his sentence, however, he must file a motion to set aside his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). A habeas corpus proceeding brought under § 2241 is the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. See 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). Section 2255 provides a safety valve wherein federal prisoners may bring a § 2241 claim challenging their conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756.

The savings clause provides an outlet for prisoners to submit claims of actual innocence when they would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See id.*, 180 F.3d at 756–57 (collecting cases). To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). A valid assertion of actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). In the past, those prisoners who have obtained review of their claims did so because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate. *See In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361, 363, 378–80 (2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). In this case, Carter has, in fact, already filed an unsuccessful motion to vacate or set aside his sentence. Not only did Carter have the opportunity to challenge his sentence in a motion to vacate, it appears he raised this exact

-5-

issue in that motion to vacate.[1]

Petitioner has failed to show actual innocence in relation to his challenge to the court's sentence enhancement. This challenge does not involve a claim that the Supreme Court has redefined as 'noncriminal' the conduct underlying Carter's convictions. *See e.g. United States v. Bailey*, 516 U.S. 137 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when the Supreme Court defined "use" in a restrictive manner). Indeed, Carter does not assert he is actually innocent of the offenses of which he was convicted, nor does he cite a retroactive Supreme Court decision that establishes his innocence. Instead, Carter claims that his sentence of imprisonment was improperly enhanced.

The duration of Carter's sentence, however, is not the proper subject of a petition for habeas

---

[1] In his prior § 2255 motion, Carter, relying on *Apprendi*, alleged his conviction should be overturned because his sentence was increased as a result of drug quantities not listed in the indictment or submitted to the jury. *Carter*, 2009 WL 3526582, at *4. The district court rejected this claim, holding as follows:

> Petitioner's argument based on *Apprendi* is . . . without merit. The Second Circuit has held that '*Apprendi* is inapplicable to Guidelines calculations that do not result in a sentence on a single count above the statutory maximum for that count.' *Santana-Madera v. United States*, 260 F.3d 133, 141 (2d Cir. 2001) (citing *United States v. McLeod*, 251 F.3d 78, 82 (2d Cir. 2001)); *accord United States v. Garcia*, 240 F.3d 180, 183 (2d Cir. 2001) (*Apprendi* does not alter 'a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum'). In this case, Petitioner was convicted pursuant to 21 U.S.C. § 841(a)(1) and sentenced pursuant to 21 U.S.C. § 841(b). Because Petitioner's conviction was based on cocaine, his sentence pursuant to § 841(b) was below the lowest possible statutory maximum regardless of the amount of cocaine actually possessed. *See* 21 U.S.C. § 841(b)(1)(C). Petitioner was also convicted under [21] U.S.C. § 848 which provides for 'a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment.' Because Petitioner's sentence of 240 (20 years) is less than life, there is no *Apprendi* error in this sentence.

*Id.* at *3.

corpus relief under § 2241. Contrary to Carter's claim, *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) and *Kirk v. United States*, 481 F. App'x 249 (6th Cir. 2012) do not establish any basis for this Court's jurisdiction over his Petition, as the petitioners in those actions challenged sentence enhancements through motions to vacate pursuant to § 2255. In both cases, the courts of appeals held that, where the post-conviction Supreme Court ruling in *Begay v. United States*, 553 U.S. 137-144-45 (2008) applied retroactively and narrowed the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"), the defendants were not eligible for enhanced punishment based on prior convictions that, by definition, did not qualify as violent felonies. *Narvaez*, 674 F.3d at 628 (defendant not eligible for categorization as violent offender based on two prior escape convictions); *Kirk*, 481 F. App'x at 249 (defendant not eligible for enhancement under ACCA based on prior aggravated-vehicular assault conviction). Neither case involved a challenge to a sentence through § 2241, nor did either petitioner claim his remedy under § 2255 was inadequate or ineffective.

Similarly, Carter's reliance on *Brown v. Rios*, 696 F.3d 638 (2012) and *Brown v. Caraway*, No. 12-1439, 2013 WL 1920931, — F.3d — (7th Cir. May 10, 2013) is also misplaced. In *Rios* and *Caraway*, the Seventh Circuit permitted § 2241 to be used to challenge pre-*Booker* era sentencing enhancement errors based on the Supreme Court's ruling in *Begay*. Unlike the petitioners in *Rios* and *Caraway*, however, Carter does not cite a new, retroactive Supreme Court case establishing his innocence of the sentence enhancement imposed in his case. Moreover, even if he had, the opinion of the Seventh Circuit Court of Appeals is not binding precedent on this Court. The Sixth Circuit has never extended the savings clause to § 2241 petitioners, like Carter, who raise challenges to sentencing enhancements. *See e.g., Contreras v. Holland*, 487 F. App'x 287, 288 (2012) (challenge

to sentencing enhancement under §§ 841 and 846 not cognizable under § 2241) (citing *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for actual innocence claim.") (citing *Peterman*, 249 F.3d at 462); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (declining to grant § 2255 relief on a defaulted claim of sentencing error because there was no "breakdown of the trial process"). *See also*, *Drumwright v. United States*, No. 4:12cv1428, 2012 WL 5205802 (N.D. Ohio Oct. 22, 2012) (holding that challenge to sentence enhancement based upon prior state conviction is not cognizable under § 2241); *Landt v. Farley*, No. 4:12CV0740, 2012 WL 4473209 (N.D. Ohio Sept. 26, 2012) (same); *Baldwin v. United States*, 412 F. Supp. 2d 712 (N.D. Ohio 2005). Consequently, Carter's § 2241 claim of "actual innocence" as to his enhanced sentence is insufficient to invoke the savings clause of § 2255 and the provisions of § 2241.

Carter is not entitled to challenge his sentence under § 2241 because his remedy under § 2255 is not inadequate or ineffective. The Sixth Circuit explained in *Charles* that the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756–58. Ultimately, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. See *id.* at 758.

### III.     Conclusion

For all the reasons set forth above, Petitioner's motion to proceed *in forma pauperis* is

granted, Petitioner's motion for release on bond is denied, and the Petition for Writ of Habeas Corpus is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this action could not be taken in good faith.

    IT IS SO ORDERED.

|  |  |
|---|---|
| Date: June 20, 2013 | /s/ John R. Adams<br>JOHN R. ADAMS<br>UNITED STATES DISTRICT JUDGE |