**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JESSE MCKINLEY CARTER, JR., ) | CASE NO.  4:13 CV 1270 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| JOE COAKLEY, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On June 20, 2013 the court issued an memorandum of opinion and entered judgment denying *pro se* Petitioner Jesse McKinley Carter, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, finding Petitioner's claim of "actual innocence" as to his enhanced sentence insufficient to invoke the savings clause of 28 U.S.C. § 2255 and the provisions of § 2241.  (Doc. No. 4.)  Thereafter, Petitioner submitted a letter of supplemental authority and a motion for reconsideration, citing *Alleyne v. United States*, No. 11-9335, — S. Ct. —, 2013 WL 2922116 (June 17, 2013) as additional support of his Petition.  (Doc. Nos. 6, 8.)

Petitioner argued in his Petition that he is actually innocent of a sentence enhancement applied by the court in *United States v. Carter*, No. 3:95-cr-00232-TJM-6 (N.D.N.Y. 1995) (McAvoy, J.).  Specifically, he asserted his Sixth Amendment rights were violated when Judge McAvoy enhanced his sentence for cocaine trafficking pursuant to 21 U.S.C. § 841(b) based on drug quantities determined solely by the court and not specified in the indictment or found by the jury. Relying on Seventh Circuit case law, Petitioner argued he should be able to pursue this claim

through § 2241, indicating his remedy under § 2255 was inadequate because he could not have raised this issue in his first § 2255 petition. This court determined that Petitioner's claim was not properly brought under § 2241 because he failed to demonstrate "actual innocence" of his conviction or that his remedy under § 2255 was inadequate or ineffective and, therefore, this action was dismissed pursuant to 28 U.S.C. § 2243.

## I. Standard of Review

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Such a motion is extraordinary and is seldom granted "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10–00569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011). For this reason, a court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) motions are aimed at reconsideration, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Parties therefore should not use them to raise arguments which could, and should, have been made before judgment issued. *Id.* Moreover, a party cannot utilize a Rule 59(e) motion to re-argue his case simply because he disagrees with the result. *Keeweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1141 (W.D. Mich. 1996). Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. *Id.*

## II. Discussion

In his letter and motion for reconsideration, Petitioner contends he was denied his right to a jury trial under the Sixth Amendment pursuant to a change in controlling law announced by the Supreme Court in *Alleyne.* Petitioner Alleyne was convicted by a jury of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), a violation subject to a mandatory minimum five years incarceration. *Id.* at 4. At sentencing, however, over Alleyne's objection, the judge found that Alleyne had "brandished" a firearm, raising his mandatory minimum sentence to seven years under the applicable statute. *Id.* The trial court determined that, under *Harris v. United States*, 536 U.S. 545 (2002), brandishing was a sentencing factor, which the court could find without violating Alleyne's Sixth Amendment right to a jury trial.[1] *Id.* The court of appeals affirmed, and Alleyne petitioned for a writ of habeas corpus, arguing that *Harris* could not be reconciled with the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that any "'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime[,]" which must be proved to a jury. *Id.* at 9.

The Supreme Court agreed with Alleyne, holding that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be found by a jury. *Alleyne*, 2013 WL 2922116 at *4. In doing so, the Court overruled *Harris*, which

---

[1] Section 924(c)(1)(A) provides, in relevant part, that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall:

  (i) be sentenced to a term of imprisonment of not less than 5 years;

  (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

  (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

-3-

limited *Apprendi* to facts increasing the statutory maximum, concluding that mandatory minimum sentences increase the penalty for a crime, and that the facts used to enhance a sentence are offense elements "that must be submitted to the jury and found beyond a reasonable doubt" before an enhanced mandatory minimum sentence can be imposed. *Id.* at 9-11. Thus, the Court held that the district court erred when it imposed a seven-year mandatory minimum sentence on Alleyne, because the jury had not found the fact—brandishing—supporting the mandatory minimum beyond a reasonable doubt.

Petitioner seeks the retroactive application of the rule announced in *Alleyne* to his case to establish his actual innocence of the enhancement applied by the trial court. He claims the sentencing court erred in sentencing him to 240 months on his drug related charges when the court determined the quantity of cocaine involved in his offenses and that quantity was neither specified in the indictment or supported by the jury's findings of fact. He contends, pursuant to *Alleyne*, that the quantity of cocaine involved in his offenses is an element of an aggravated crime, rather than a sentencing factor, that must be proved to a jury. Petitioner asserts his sentence of 240 months far exceeds the maximum sentence he could have received for the unspecified quantity of cocaine found by the jury in his case, and he seeks immediate release from prison.

Petitioner's reliance on *Alleyne* is unavailing. As the court explained in its ruling, if a petitioner seeks to challenge the *execution* of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001). But where, as here, a federal prisoner seeks to challenge the *imposition* of his sentence, on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. *See* 28 U.S.C. § 2255; *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles*, 180 F.3d at 755-56; *Capaldi*, 135 F.3d at 1123. The Sixth Circuit has instructed: "[C]laims do not fall within any arguable construction of . . . [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Here, *Alleyne* neither supports Petitioner's claim of "actual innocence," nor does that decision aid him in demonstrating that his remedy under § 2255 was inadequate or ineffective.

A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting in *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S.

-5-

333, 346 (1974)). *See, e.g.,Bailey v. United States*, 516 U.S. 137 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Petitioner's conviction. Petitioner does not assert he is actually innocent of his federal offenses, rather he claims innocence of the drug quantity sentencing enhancement pursuant to the rule announced in *Alleyne*. The savings clause may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, however, and claims of sentencing error may not serve as the basis for an actual innocence claim under *Martin*. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003) (holding *Apprendi* could not be basis for actual innocence claim) (citing *Peterman*, 249 F.3d at 462). *Alleyne*, like *Apprendi* before it, "does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it." *Roberts v. Snyder*, 77 F. App'x 292, 294 (6th Cir. 2003) (citing *Goode v. United States*, 305 F.3d 378, 385 (6th Cir.), *cert denied*, 537 U.S. 1096 (2002). Should *Alleyne* be made retroactively available, Carter may be able to raise his claim in a § 2255 proceeding. *Id.* (citation omitted).

**III. Conclusion**

For all the reasons set forth above, Petitioner's motion for reconsideration is DENIED. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this action could not be taken in good faith.

IT IS SO ORDERED.

                   s/John R. Adams

Date: July 3, 2013           JOHN R. ADAMS
                   UNITED STATES DISTRICT JUDGE